**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 01-6697**

ROBERT E. VIRGIL,

                                Petitioner - Appellant,

    versus

JUAN CAMPOS, Officer in Charge, Immigration
and Naturalization Service; JOHN ASHCROFT,
United States Attorney General,

                                Respondents - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Greenville.  G. Ross Anderson, Jr., District
Judge.  (CA-00-15-6-13AK)

Submitted:  August 28, 2001        Decided:  October 15, 2001

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Robert E. Virgil, Appellant Pro Se.  Anh-Thu P. Mai, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Pursuant to 28 U.S.C. § 2241 (1994), Robert E. Virgil filed this petition for habeas corpus relief in the district court, asking that he be considered for relief under § 212(c) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(c) (1994; repealed 1996). The district court ordered the Board of Immigration Appeals to reconsider Virgil's application in light of Tasios v. INS, 204 F.3d 544 (4th Cir. 2000), and 8 C.F.R. § 3.44 (2000). See also INS v. St. Cyr, ___ U.S. ___, 60 U.S.L.W. 4510 (U.S. June 25, 2001) (No. 00-767). Virgil appealed the district court's order. The Government now suggests that the appeal is moot, in view of the fact that Virgil has received the relief he sought: consideration before the immigration judge of his § 212(c) application, and a bond reduction. Having reviewed the case thoroughly, we agree that the appeal is moot. See Spencer v. Kemna, 523 U.S. 1, 7 (1998) (throughout the litigation the plaintiff must have an actual injury likely to be redressed by a favorable decision of the court). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

2